UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MARADIAGA,<br>*on behalf of himself and all other similarly situated persons*,<br><br>**Plaintiff,**<br><br>v.<br><br>A. DUIE PYLE,<br><br>**Defendant.** | Civ. No. 2:11-cv-06096 (WJM)<br><br>OPINION |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

Plaintiff Jose Maradiaga brings this putative class action against Defendant A. Duie Pyle, alleging that Defendant violated the Fair Labor Standards Act of 1938 ("FLSA") (29 U.S.C. § 201 *et seq.*). This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I.   BACKGROUND

Defendant A. Duie Pyle is a transportation logistics company. Compl. ¶ 12, ECF No. 1. According to the Complaint, "Defendant was an enterprise engaged in commerce or in the production of goods for commerce." *Id.* ¶ 8. The Complaint alleges that "Plaintiff was an employee" of Defendant, and that "Plaintiff and all Class Members have been employed by Defendant and worked as dispatchers." *Id.* ¶ 10, 13. The Complaint alleges that "Plaintiff and other similarly situated employees routinely worked more than 40 hours per week, but Defendant failed to compensate them for that overtime at a rate of one and one-half times their regular rate of pay for the hours they worked over 40 in each work week." *Id.* ¶ 15. Plaintiff seeks to send "opt-in" notices to a class of "[a]ll former and current dispatchers employed by Defendant since August 2009 to the present time."[1] *Id.* ¶ 18. Plaintiff estimates that this class will consist of at least 100 members. *Id.* ¶ 19.

---

[1] Plaintiff initially defines a putative class of "Operations Supervisor[s]," but later defines a class of "dispatchers." Compl. ¶¶ 5, 18.

Defendant has moved to dismiss the Complaint in its entirety.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III.   DISCUSSION

Plaintiff's Complaint asserts a single cause of action for violations of the FLSA. Defendant moves to dismiss the Complaint on the ground that it is insufficiently pleaded. For the reasons set forth below, the motion to dismiss is granted.

The FLSA requires that employers pay overtime compensation for each hour worked beyond the forty-hour workweek. 29 U.S.C. § 207(a)(1). In order to state a claim under the Act, Plaintiff must show that "(1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) that he was an 'employee' as defined by the FLSA; and that (3) he worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty." *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010).

In this case, the Complaint is, quite literally, "a formulaic recitation of the elements of [the] cause of action." *Twombly*, 550 U.S. at 555. The Complaint states that (1) "Defendant was an enterprise engaged in commerce" (Compl. ¶ 8); (2) "Plaintiff was an employee" (Compl. ¶ 10); and (3) Plaintiff "routinely worked more than 40 hours per week, but Defendant failed to compensate [him] for that overtime" (Compl. ¶ 15). The

Complaint is utterly devoid of specific factual allegations supporting any of these conclusory statements. For example, the Complaint does not include Plaintiff's dates of employment, any description of Plaintiff's duties, Plaintiff's rate of pay, the approximate number of overtime hours Plaintiff worked, or any explanation of who controlled the terms of Plaintiff's employment. *See Attanasio v. Cmty. Health Sys., Inc.*, No. 3:11-cv-582, 2011 WL 5008363, at *7 (M.D. Pa. Oct. 20, 2011) (dismissing FLSA complaint because "Plaintiffs wholly fail to plead where exactly they work, what it is they do, how long they have done it for, and other basic facts that would add credence to their bare legal recitations."). Moreover, the few allegations that are included create more ambiguities than they resolve. For example, Plaintiff initially defines a putative class of "Operations Supervisor[s]," but later defines a class of "dispatchers." Compl. ¶¶ 5, 18. It is also unclear whether Plaintiff is alleging that he was misclassified as an exempt employee. Accordingly, the Complaint fails to state a claim under *Twombly* and *Iqbal*.

Plaintiff's arguments to the contrary are unpersuasive. First, Plaintiff argues that a lower pleading standard should be applied to FLSA claims, even though Plaintiff acknowledges that the Third Circuit has not condoned this approach. *See* Pl.'s Br. at 3. The Court sees no reason to treat FLSA claims differently than any other claims. Second, Plaintiff argues that he does not need to plead the number of overtime hours that he worked because, under the FLSA, it is the employer's burden to maintain detailed records. *See* Pl.'s Br. at 5. But Defendant's substantive legal obligation to maintain records in no way relieves Plaintiff of his burden in litigation to set forth a plausible claim in his Complaint. Plaintiff is correct that there is one case in this District holding that FLSA plaintiffs seeking overtime pay do not need to include an estimate of their overtime hours. *Harris v. Scriptfleet, Inc.*, No. 11-4561, 2011 WL 6072020 (D.N.J. Dec. 6, 2011). However, this Court chooses to follow the majority of cases in this Circuit, which hold that this information must be included in the complaint in order to state a claim. *See, e.g.*, *Attanasio*, 2011 WL 5008363, at *7 ("The critical component of a complaint alleging violations of Section 207 is an approximation of the number of unpaid weekly overtime hours worked over the employment period") (citations omitted); *Mell*, 2010 WL 4668966, at *8 (Plaintiffs must "estimate the time periods in which they worked without proper overtime compensation").

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 25, 2012**